

**FILED**

**MAY -2 2024**

Clerk, U.S. District and
Bankruptcy Courts

UNTIED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN RE:

JUANA ROSA MINANO )  Case No.24-00044-ELG
    Debtor )
_____ )  Chapter 13
 )
And )
 )
DLJ MORTGAGE CAPITAL, INC , )
C/O SELECT PORTFOLIO SERVICING, INC )
    Respondent )
 )
REBECCA A. HERR )
    Trustee/Respondent )
 )
_____ )

## MOTION TO VACATE ORDER CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY –FOR UNIT 2

COMES NOW, Juana Rosa Minano, pro se, debtor and files her Motion to Vacate Order Confirming that the Inapplicability of the Automatic Stay entered by this Cour on April 11, 2024, Doc #37 and respectfully request the Court to Consider the following:

1. Debtor filed for bankruptcy protection on February 21, 2024 and was assigned Case Number: 24-00044-ELG

2. Debtor is the legal owner of the property located at 3223 Warder Street NW, Unit 2, Washington, D.C.20010

3. The filing of debtor's bankruptcy provides an automatic stay to debtor's property and is an equivalent to of a temporary injunction against all creditor activity that may effect of advancing any creditor's interest at the expense of debtor's property.

4. Debtor notified all the parties in this bankruptcy case minutes after filing and being

assigned a case number, including that attorneys for Respondent's counsel.

5. Respondent did not have standing to request relief from this Court when it filed its Motion for an Order Confirming No Automatic Stay is in Effect
6. Debtor signed the Note and Deed of Trust on behalf of DLINAS PROPERTIES, LLC
7. The interests of justice would be best served by vacating the Order Confirming That the Inapplicability of the Automatic Stay for the property located at 3223 Warder Street, NW, Unit 1, Washington, D.C.20010 as Responded did not have standing to obtain relief from this Court.

## ARGUMENT

**Respondent Had No Standing to Request Relief from This Cout**

8. The Respondent requested from this Court an Order CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY – UNIT 2 and as part of their request submitted evidence of the Note, Allonge to Note and Deed of Trust and confirms the following:

1. The Note is indicates that the borrower is DLINAS Properties, L.L.C. **Exhibit A**
2. The Prepayment Addendum to Note identifies **DLINAS Properties, L.L.C.** as the borrower. **Exhibit B**
3. There are two allonges affixed to the Note that Identify **Juana Rosa Minano** as the Borrower. **Exhibit C and D**
4. The respondent in paragraph 5 of their Motion for an Order No Automatic Stay is in Effect (Re:3223 Warder Street, NW, Unit 2, Washington, D.C.200110) stated the following:

*"To finance the purchase of the Property,* **Dlinas executed a Fixed/Adjustable Rate Note** *in the original principal amount of $615,00.00 ("the Note")."*

Moreover, in paragraph 11 of its Motion, Respondent states the following:

***"Pursuant to D.C. Code 29-801-04, a limited liability company is an entity distinct from its members.*** *Therefore, the Debtor has no individual legal or equitable interest in the Property, the Property is not Property of the estate as defined by 541, and the*

*automatic stay does not apply."*

5. There are two Allonges dated October 31, 2018 to the Note which identifies Juana R. Minano as the borrower.
6. The first Allonge purports to transfer the Note to Deephaven Mortgage, LLC from Mortgage Bank of America and identifies Juana R. Minano as borrower, however Juana R. Minano **is not the borrower,** DLINAS Properties, executed the Note.
7. The second Allonge purports to transfer the Note from Deephaven to a blank endorsement and identifies Juana R. Minano as borrower, however, Juana R. Minano **is not the borrower, DLINAS Properties, executed the Note.**
8. Because the Allonge did not identify the correct borrower the Note and its assignment is void, null and without any legal effect. Moreover, Respondent confirmed in its court filings that DLINAS Properties, is the borrower and not Juana R. Minano.

**Requirements for Respondent to Request Relief from this Court**

The Allonges to the Note are defective and did not transfer the obligation to Deephaven and Deephaven did not have legal authority to transfer the obligation to anyone as the Allonge identifies the wrong borrower and consequently had no legal authority to enforce the deed of trust or to conduct a foreclosure sale.

When standing is raised as a defense, Plaintiff must also prove its standing to obtain relief from the Court. *Nationstar Mortgage, LLC v. LaPorte,* 162 A.D. 3d 784, 785 (2nd Dep't 2018). A Plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that it "is the holder or assignee of the underlying note at the time of action is commenced." *Nationstar,* 162 A.D. 3d at 785. A "Holder" is "the person in possession of negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." N.Y.U.C.C. 1-20 [b] [211]; *Deutsche Bank Nat. Trust Co. v. Brewton,* A.D. 3d at 684 (2nd Dep't 2016) A written assignment of the note or the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation. *Brewton,* 142 A.D. 3d at 684 (citation omitted). The mortgage, because it is merely security for the maker's obligation to repay the underlying debt, passes with the debt as an inseparable incident when the note is assigned. Brewton, 142 A.D. 3d at 684 (citation omitted). Where, however, a note is "neither indorsed in

blank nor specifically indorsed" to the person in physical possession of the note, that person cannot be "the lawful holder thereof for the purposes of enforcing it." McCormack v. Maloney, 160 A.D.3d 1098, 1100 (3rd Dep't 2018) Citations omitted). Therefore, such person would not, *interalia,* have standing to commence a mortgage foreclosure action.

Section 3-202 of New York's Uniform Commercial Code governs the "negotiation" of a negotiable instrument, which is the "transfer of an instrument in such form that the transferee becomes the holder." UCC § 3-202(1). "If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery." UCC § 3-202(1). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." Wells Fargo Bank, NA v. Ostiguy, 127 A.D.3d 1375, 1376 (3rd Dep't 2015) (citations omitted). An allonge is an additional piece of paper "so firmly affixed [to the note] as to become a part thereof." NY UCC § 3-202(2); U.S. Bank National Assoc. v. Moulton (2nd Dep't January 8, 2020). An allonge may be needed where "there is insufficient space on the [note] itself for the endorsements; as long as the allonge remains firmly affixed to the note, it becomes part of the note." Id. (citation omitted).

In this case, which somewhat similar to the case law listed above and because the Allonge to the Note is not properly indorsed because a non-party to the Note purports to make the Note assignment which renders the assignment invalid. Simply put, the Respondents had no standing before this Court to request the relief granted.

WHEREFORE, Debtor request an Order from this Honorable Court vacating the Order CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY – UNIT 2 entered by this Court.

Respectfully submitted,

*[signature]*

Juana Rosa Minano

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2024 a true copy of the foregoing **MOTION TO VACATE ORDER CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY** was sent via U.S. Mail, certified return receipt, postage prepaid, on to the following parties:

REBECCA A. HERR
**Trustee**
185 Admiral Cochrane Dr. Ste 240
Annapolis, MD 21401

LEAH FREDMAN, ESQ
**BWW Law Group, LLC**
6003 Executive Blvd, Suite 100
Rockville, MD 20852

*[signature]*

Juana Rosa Minano

"Unit 2" S: AS

EXHIBIT "A"

P-SN

MIN: ███                                                                Loan Number ███

# FIXED/ADJUSTABLE RATE NOTE
(LIBOR One - Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MINIMUM AND MAXIMUM RATES I MUST PAY.

OCTOBER 31, 2018            MANHATTAN BEACH            CALIFORNIA
      [Date]                     [City]                  [State]

3223 WARDER STREET NORTHWEST #2, WASHINGTON, DISTRICT OF COLUMBIA 20010
                          [Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 615,000.00       (this amount is called "Principal"), plus interest, to the order of Lender. Lender is MORTGAGE BANK OF CALIFORNIA, A CALIFORNIA CORPORATION (CFL # ███)
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       9.375 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on DECEMBER 1, 2018. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on       NOVEMBER 1, 2048       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1141 HIGHLAND AVE, SUITE C, MANHATTAN BEACH, CALIFORNIA 90266
                                                      or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $ 5,115.26       . This amount may change.
(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - WSJ One-Year LIBOR
Single Family - Fannie Mae UNIFORM INSTRUMENT
Form 3528 6/01 (rev. 6/16)                  Page 1 of 5                    DocMagic *eForms*
                                                                           www.docmagic.com

## 4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of NOVEMBER, 2023            , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index value available as of the date 45 days before each Change Date is called the "Current Index," provided that if the Current Index is less than zero, then the Current Index will be deemed to be zero for purposes of calculating my interest rate.

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 000/1000                                percentage points (    6.000 %) (the "Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than    11.375 % or less than    7.375 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than    14.375 % or less than the Margin.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY    ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - WSJ One-Year LIBOR
Single Family - Fannie Mae UNIFORM INSTRUMENT
Form 3528 6/01 (rev. 6/16)            Page 2 of 5

DocMagic *eForms*
www.docmagic.com

Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - WSJ One-Year LIBOR
Single Family - Fannie Mae UNIFORM INSTRUMENT
Form 3528  6/01 (rev. 6/16)            Page 3 of 5

DocMagic eForms
www.docmagic.com

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - WSJ One-Year LIBOR
Single Family - Fannie Mae UNIFORM INSTRUMENT
Form 3528 6/01 (rev. 6/16)                 Page 4 of 5

DocMagic eForms
www.docmagic.com

by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

DLINAS PROPERTIES LLC

_____ (Seal)
JUANA R MINANO                  -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

Loan Originator: MICHAEL DALLAL, NMLSR ID ▮▮▮▮
Loan Originator Organization: MORTGAGE BANK OF CALIFORNIA, NMLSR ID ▮▮▮▮

[Sign Original Only]

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - WSJ One-Year LIBOR
Single Family - Fannie Mae UNIFORM INSTRUMENT                    DocMagic eForms
Form 3528  6/01 (rev 6/16)                Page 5 of 5            www.docmagic.com

EXHIBIT "B"

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: ███████

Date: OCTOBER 31, 2018

Borrower(s): DLINAS PROPERTIES LLC

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this  31st  day of OCTOBER, 2018 , and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of MORTGAGE BANK OF CALIFORNIA, A CALIFORNIA CORPORATION

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section  5  of the Note is amended to read in its entirety as follows:

### 5. BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.

If the Note provides for changes in the interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

If within THIRTY-SIX  ( 36 ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, I will pay a Prepayment charge in an amount equal to the payment of  TWO  ( 2 ) months' advance interest on the aggregate amount of all Prepayments made within any 12-month period in excess of one-third (1/3) of the amount of the original loan.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

DLINAS PROPERTIES LLC

_Juana R. Ninang_   10/31/18
Borrower JUANA R. NINANG    Date

_____
Borrower    Date

_____
Borrower    Date

_____
Borrower    Date

_____
Borrower    Date

_____
Borrower    Date

DISTRICT OF COLUMBIA PREPAYMENT ADDENDUM TO NOTE
6/03
Page 2 of 2

DocMagic eForms
www.docmagic.com

EXHIBIT "C"

## ALLONGE

Loan Number: ███████
Loan Date: OCTOBER 31, 2018
Borrower(s): JUANA R MINANO

Property Address: ~~3223~~ WARDER STREET NORTHWEST #2, WASHINGTON, DISTRICT OF COLUMBIA 20010

Principal Balance: $615,000.00

### PAY TO THE ORDER OF

DEEPHAVEN MORTGAGE, LLC

Without Recourse

Company Name: MORTGAGE BANK OF CALIFORNIA

By: _C. Stephens_
Name Caitlin Stephens

_(signature)_
(Title) Closer

MULTISTATE NOTE ALLONGE
ALSR 02/18/09

DocMagic eForms
www.docmagic.com

## ALLONGE TO NOTE



DATE OF NOTE: October 31st, 2018

MORTGAGOR(S): Juana R Minano

EXHIBIT "D"

PROPERTY ADDRESS: 3223 Warder Street Northwest #2, Washington, District of Columbia 20010

ORIGINAL LOAN AMOUNT: $615,000

LOAN NUMBER: ███████3

PAY TO THE ORDER OF:

_____

By

DEEPHAVEN MORTGAGE LLC

SIGNED: _____
         Candace M Dry

NAME AND TITLE: Post Closing Team Lead