**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br>JUANA ROSA MINANO<br>　Debtor | Case No. 24-00044-ELG<br><br>Chapter 13 |
| DLJ MORTGAGE CAPITAL, INC.<br>C/O SELECT PORTFOLIO SERVICING, INC., Movant<br>v.<br>JUANA ROSA MINANO, Debtor/Respondent<br>and<br>REBECCA A. HERR, Trustee/Respondent | |

### RESPONSE TO DEBTOR'S MOTION TO VACATE MOTION ORDER CONFIRMING THE INAPPLICABILITY OF THE AUTOMATIC STAY AS TO REAL PROPERTY (RE: 3223 WARDER STREET, NW, UNIT 2, WASHINGTON, DC 20010)

COMES NOW, DLJ Mortgage Capital, Inc. c/o Select Portfolio Servicing, Inc. ("Creditor"), by and through counsel, and respectfully requests this honorable court deny the Debtor's request to vacate the order confirming the inapplicability of the automatic stay, and in support states as follows:

1. On or about March 13, 2024, Creditor filed a Motion to Confirm the Inapplicability of the Stay.

2. On or about April 11, 2024, the court entered orders 1) granting Creditor's Motion to Confirm the Inapplicability of the stay and 2) dismissing the captioned bankruptcy case.

3. Twenty-One days later, on or about May 2, 2024, the Debtor filed a Motion to Vacate the Order Confirming the Inapplicability of the Automatic Stay (the "Motion to Vacate") which failed to assert any legal basis as to why the Relief granted by the court should be vacated.

4. Rule 59(e), made applicable to bankruptcy cases by Bankruptcy Rule 9023, provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Bankruptcy Rule 9023 reduces the time for filing a motion under Rule 59(e) in a bankruptcy proceeding to 14 days.

5. Rule 59(e) applies in circumstances where vacation of an order is required to "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) and *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

Leah Freedman, Esq. DC Bar No. MD21221　　　　　　　　　　　　　　　　BWW#:DC-368990
6003 Executive Blvd, Suite 101 Rockville, MD 20852
301-961-6555, bankruptcy@bww-law.com
Counsel for DLJ Mortgage Capital, Inc.
C/O Select Portfolio Servicing, Inc.

6. The Debtor argues in their Motion to Vacate that Creditor lacked standing to file the motion but in doing so, the Debtor fails to include any such grounds for reconsideration under Rule 59(e). In addition, the Debtor's Motion is untimely.

7. Further, the Debtor's request is moot. Upon dismissal of the case, the automatic stay terminated as to all creditors.

WHEREFORE, the Movant, its successors, and/or assigns prays that this court:

1. Deny the Debtor's Motion as moot, and
2. Grant such other and further relief as may be just and necessary

Respectfully Submitted,

Dated: May 20, 2024

/s/ Leah Freedman
Leah Freedman, Esq.
DC Fed. Bar No. MD21221
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD  20852
301-961-6555, 301-961-6545 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Movant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2024, a copy of the foregoing Response was mailed by first class mail, postage prepaid, to the following persons:

Juana Rosa Minano
10161 Forest Hill Circle
Manassas, VA 20110

Dlinas Properties L.L.C.
717 Kennedy St NW
Washington, DC 20011

Rebecca A. Herr
185 Admiral Cochrane Dr, Ste 240
Annapolis, MD 21401

/s/ Leah Freedman
Leah Freedman, Esq.

BWW#:DC-368990