FILED

MAY 21 2024

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN RE:

JUANA ROSA MINANO )  Case No.24-00044-ELG
    Debtor )
                           )  Chapter 13
                            )

And )
                            )

DLJ MORTGAGE CAPITAL, INC )
C/O SELECT PORTFOLIO SERVICING, INC )
    Respondent )

REBECCA A. HERR )
    Trustee/Respondent )

## RESPONSE TO RESPONDENT'S RESPONSE TO DEBTOR'S MOTION TO VACATE ORDER CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY AS TO REAL PROPERTY (RE:3323 WARDER STREET, N.W., UNIT 2, WASHINGTON,D.C. 20010)

       COMES NOW, Juana Rosa Minano, pro se, debtor and files her RESPONSE TO RESPONDENT'S RESPONSE TO DEBTOR'S MOTION TO VACATE ORDER CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY AS TO REAL PROPERTY (RE:3323 WARDER STREET, N.W., UNIT 2, WASHINGTON,D.C. 20010) and respectfully request the Court to Consider the following:

       1. Debtor has submitted evidence to substantiate her claim as undeniable fact via exhibits that demonstrated that Respondent did not have legal authority to ask for a ruling from this Court.

       2. Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. This matter is a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b) (2) (A), (I),

(J) and (O). To the extent it may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge. 28 U.S.C. § 157(c) (2). Venue is proper under 28 U.S.C. § 1409.

3. Pursuant to Fed.R.Civ.P. 55(c), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7055, the court may set aside the entry of a default for good cause and may set aside a default judgment under Rule 60(b). Rule 60(b)(1) provides that a court may vacate a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect. In determining whether to vacate a default judgment, courts consider "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." New York v. Green, 420 F.3d 99, 108 (2d Cir. 2005)(citing State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F. 3d 158, 166-67 (2d Cir. 2004). "[W]ilfulness in the context of a judgment by default requires 'something more than mere negligence,' such as 'egregious or deliberate conduct' …" Green, 420 F.3d at 108 (citing Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir.1996). "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." State St. Bank, 374 F.3d at 167 (citing S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998)); see also United States v. Myers, 236 F. Supp. 3d 702, 707 (E.D.N.Y. 2017)("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.")(quoting Am. Alliance Ins. Co., 92 F.3d at 61). "These criteria must be applied in light of the Second Circuit's 'strong preference for resolving disputes on the merits.' Schlatter v. China Precision Steel, Inc., 296 F.R.D. 258, 260 (S.D.N.Y. 2013)(quoting Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995).

"In *In re Long*, 22 B.R.. 152 (Bank. D. Me. 1982), the Court, relying on a liberal construction of the Rule 60, vacated a discharge order to allow debtor to enter in a reaffirmation agreement:

A bankruptcy court has the powers of a court of equity. 28 U.S.C.. & 1481. An equity court's power to vacate an order is inherent in its jurisdiction and explicitly defined in Fe. R. Civ. P. 60. *In re Burley*, 11. B.R. 369, 373 (Bankr. C.D. Cal .1980). Fed R. Civ p. 60 (b)

provides relief from a final judgment, order, or proceeding for "any....reason justifying relief from the operation of the judgment." The Supreme Court has liberally construed that provision:

> Furthermore 60(b) strongly indicates on its face that courts no longer are to be Hemmed in by the uncertain boundaires of .........common law remedial tools. In simple English, the language of "other reasons" clause, for all reasons except the five particularly specified (in Rule 60 (b), est the power in courts to adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.
> Klapprott v. United States, 335 U.S. 601, 614-15 (1948)

4. Respondent's suggest to the Court to ignore the Debtor's argument based on technicalities and request the Court to ignore the arguments and the injustice committed by the initial Order.

5. Debtor is a pro se litigant and asks this Honorable Court to be lenient and considerate with her pleading so justice can be administered.

6. Debtor request this Court to correct a clear error and prevent manifest of injustice by affording relief to a party that has no legal authority to receive such remedy, as such is the case at hand..

7. Respondent states that the Debtor's request is moot, the Debtor intent before this Court is to correct a clear error

In short, Debtor has demonstrated that the court committed clear error or that the initial decision in the court's order of Aprill 11, 2024, was manifestly unjust.

WHEREFORE, Debtor request an Order from this Honorable Court vacating the Order CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY – UNIT 2 entered by this Court.

Respectfully submitted,

Juana Rosa Minano

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May 2024 a true copy of the foregoing **RESPONSE TO RESPONDENT'S RESPONSE TO DEBTOR'S MOTION TO VACATE ORDER CONFIRMING THAT THE INAPPLICABILITY OF THE BANKRUPTCY STAY AS TO REAL PROPERTY (RE:3323 WARDER STREET, N.W., UNIT 2, WASHINGTON,D.C. 20010)** was sent via U.S. Mail, certified return receipt, postage prepaid, on to the following parties:

REBECCA A. HERR
**Trustee**
185 Admiral Cochrane Dr. Ste 240
Annapolis, MD 21401

LEAH FREDMAN, ESQ
**BWW Law Group, LLC**
6003 Executive Blvd, Suite 100
Rockville, MD 20852

*/s/ Juana R. Minano*
Juana Rosa Minano