UNTIED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

**FILED**

MAY 28 2024

Clerk, U.S. District and
Bankruptcy Courts

IN RE:

JUANA ROSA MINANO ) Case No.24-00044-ELG
 )
 Debtor )
 )
 ) Chapter 13

## MOTION TO VACATE ORDER OF DISMISSAL AND TO REINSTATE CASE

COMES NOW, Juana Rosa Minano, pro se, debtor and files her Motion to Vacate Order of Dismissal and Reinstate Case, in support of her motion Debtor states:

1. Debtor is a pro se, litigant and not familiar with the intricacies and requirements of bankruptcy law but she will do her best to comply with the requirements of this Court.
2. Debor filed this case on February 21, 2024 and was severely ill for more than 60 days and unable to tend properly the bankruptcy requirements.
3. Debtor files this motion pursuant to Fed. R. Civ. P. 60(b) which allows a Court to relieve a party from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001); In re Wigington, 2021 WL 2134651 at *3 (Bankr. E.D. Tex. May 25, 2021). "Bankruptcy courts have broad discretion in deciding motions for

relief under Rule 60(b)." Roman v. Carrion (In re Rodriguez Gonzalez), 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008). A request for relief under Rule 60(b)(5) or (6) "is considered extraordinary." In re Coffman, 271 B.R. 492, 498 (Bankr. N.D. Tex. 2002).

4. On March 1, 2024, the Trustee in this case requested the dismissal of this case on Doc#20 ("motion to Dismiss and Notice of Opportunity for a Hearing") alleging that: ("Debtor lists her secured debt on Schedule D at $2,970.000; her Schedule E debt at $85,447; her Schedule F debt at $44,686; for her total liabilities and Schedules as $3,100,133. Her Form 106 list the total at $3,055,447"

   Further, the Trustee states:

   ("Pursuant to 11 U.S.C. § 109(e), only an individual with total debt of less than $2,750.000 may be a debtor under chapter 13")

5. The Trustee did not know at the time of he filing of the Motion to Dismiss that the debtors liabilities were substantially reduced as the liabilities listed on Schedule D were sold ("**one**") day after the filing of the bankruptcy. Therefore, at the time of the filing of the Trustee's Motion to Dismiss the liabilities under all the Schedules were less than $2,750,000 which qualifies Debtor to continue with her Chapter 13 bankruptcy.

6. On March 14, 2024 the Creditors listed on Scheduled D, "filed " (4) separate motions for Units 1,2,3,4, Docs # 26,27,28, and 29 stating the following:

   "The Debtor is not the owner of the Property, nor is Debtor obligated under the Deed of Trust. The Debtor is only a personal guarantor for the underlying loan that is secured by the Deed of Trust. While this case remains open, the Movant will only proceed *in rem* against the Property, and **shall not seek any *personam* judgment against the Debtor**"

7. The interests of justice would be best served by vacating the Order the of Dismissal and allow Debtor to continue with her Chapter 13 bankruptcy

WHEREFORE, Debtor(s) request that the Court enter an order vacating the dismissal and reinstating this case, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Juana R Minano*
Juana Rosa Minano

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2024 a true copy of the foregoing NOTICE TO DEADLINE TO FILE AND SERVE OBJECTION TO MOTION TO VACATE ORDER OF DISMISSAL AND TO REINSTATE CASE was sent via U.S. Mail, certified return receipt, postage prepaid, on to the following parties:

REBECCA A. HERR
**Trustee**
185 Admiral Cochrane Dr. Ste 240
Annapolis, MD 21401

LEAH FREDMAN, ESQ
**BWW Law Group, LLC**
6003 Executive Blvd, Suite 100
Rockville, MD 20852

*/s/ Juana R. Minano*
Juana Rosa Minano

UNTIED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN RE:

JUANA ROSA MINANO ) Case No.24-00044-ELG
)
Debtor )
) Chapter13

**NOTICE TO DEADLINE TO FILE AND SERVE OBJECTION TO MOTION
TO VACATE ORDER OF DISMISSAL AND TO REINSTATE CASE**

PLEASE TAKE NOTICE THAT WITHIN SEVENTEEN DAYS (17) DAYS AFTER THE FILING OF THIS MOTION, you must file and serve a written objection to the NOTICE TO DEADLINE TO FILE AND SERVE OBJECTION TO MOTION TO VACATE ORDER OF DISMISSAL AND TO REINSTATE CASE, **together with a proposed order required by Local Bankruptcy Rule 9072-1.** The objection a proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Ave., NW, Washington, DC, 2001, and served (by delivery or mailing of copy) upon the undersigned. The objection must contain a complete specification of the factual and legal grounds upon which it is based. You may append affidavits and documents in support of your objection.

IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING. The Court may grant the motion without a hearing if the objection filed states inadequate grounds for denial.

Respectfully submitted,

*/s/ Juana R Minano*
Juana Rosa Minano