The order below is hereby signed.

Signed: June 7 2024

*Elizabeth L. Gunn*
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 24-00044-ELG |
| Juana Rosa Minano,<br>Debtor. | Chapter 13 |

## ORDER DENYING MOTION TO VACATE

Before the Court is the *pro se* Debtor's *Motion to Vacate Order of Dismissal* (ECF No. 65) (the "Motion to Vacate") seeking to have the Court's order dismissing her chapter 13 case vacated and her case reinstated. In support of their request, the Debtor states that they "was severely ill for more than 60 days and unable to tend properly [to] the bankruptcy requirements" and that the day *after* the case was filed her liabilities were reduced to below the statutory maximums. For the reasons stated herein, the Debtor's Motion to Vacate is denied.

On February 21, 2024, the Debtor filed this case *pro se* under chapter 13. The chapter 13 trustee filed a *Motion to Dismiss* (ECF No. 20) under § 109(e) for a failure to qualify for relief under chapter 13 due to her total debt exceeding $2,750,000. In addition, the Debtor failed to appear at the § 341 meeting of creditors[1] and the Court issued a show cause order to the Debtor for failure to sign and serve her filed chapter 13 plan. ECF No. 30. The Court held a hearing on its

---

[1] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

1

show cause order on April 11, 2024, at which the Debtor did not appear. At the hearing, based upon each of the enumerated issues and the fact that the Debtor's debt exceeded the statutory limit as of the Petition Date, the Court found cause to dismiss the case and on April 11, 2024, entered the *Order Dismissing Case*. ECF No. 38.

As of the date of the filing of the Motion to Vacate, the Debtor had failed to fix the deficiencies in this case. Furthermore, a Debtor's eligibility is determined as of the Petition Date.[2] The post-petition reduction in debt is inapplicable to this consideration. Therefore, the Court finds that even accepting all statements in the Motion to Vacate as true, it does not allege any grounds to establish cause to alter or vacate the Dismissal Order.

Therefore, for the reasons stated herein, it is **ORDERED**, **ADJUDGED**, and **DECREED** that the Motion to Vacate (ECF No. 65) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of electronic notice; all entities on the mailing list.

---

[2] Eligibility should be determined by the debtor's originally filed schedules… Eligibility under § 109(e) is determined as of the petition date and is not based on post-petition events. *Mission Hen, LLC v, Lee (In re Lee)*, 655 B.R. 340, 351-52 (B.A.P. 9th Cir. 2023) (internal quotations and citations omitted).