UNTIED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA



**FILED**

AUG - 9 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE:

JUANA ROSA MINANO )   Case No.24-00044-ELG
    Debtor )
     )   Chapter13
     )
v. )
     )
DLJ MORTGAGE CAPITAL, INC   , )
C/O SELECT PORTFOLIO SERVICING, INC )
    Respondent )
     )
REBECCA A. HERR )
    Trustee/Respondent )
     )

### MOTION FOR AN ORDER REOPENING CASE, VACATING FORECLOSURE SALE AND HOLDING CREDITOR IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY AND DEBTOR AFFIRMATION OF SUPPORT

TO THE HONORABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE:

Juan Rosa Minano, being duly sworn, deposes and say:

1. I am the Debtor in this case and I have personal knowledge of the facts seth forth.
2. This Affidavit is submitted in support of my motion to reopen this case, vacate a foreclosure and for an award of damages for violation of the automatic stay.
3. My chapter 13 bankruptcy was filed on February 21, 2024 at 12:41 PM
4. At that time , I was subject to a foreclosure action commenced by DLJ MORTGAGE CAPITAL, INC.
5. While Dlinas Properties, LLC, is the owner of property located at 3323 Warner Street, NW., Unite 4, Washington, DC20010,and  Delinas Properties LLC is owned entirely by the Debtor.
6. On or about February 22, 2024 a foreclosure sale  took place in which the property

was sold to DLJ Mortgage Capital, Inc..

7. The foreclosure resulted from a civil litigation in the case of DLJ Mortgage Capital, INC. v. Dlinas Properties, LLC which was filed in the Superior Court of the District of Columbia under Case Number CA 006609 R(RP)

8. I notified the filing of my bankruptcy case to the Respondent DLJ Mortgage, Inc., and prior to the scheduled sale. I also communicated the bankruptcy filing to DLJ's attorneys and the appointed trustee.

9. DLJ Mortgage Capital, Inc, and their legal team were on notice of my bankruptcy filing, DLJ proceeded with the foreclosure sale and sold the property, in clear violation of the automatic stay.

10. DLJ Mortgage Capital, Inc., did not have authority under the Note or Deed of Trust to conduct a foreclosure sale

11. I have reviewed case law and legal arguments and I believe the sale is null and void as stated in this motion for two reasons:
    a. The property was protected by bankruptcy stay
    b. DLJ Mortgage Capital had no authority or standing to collect a debt under the Note or Deed of Trust

12. DLJ Mortgage Capital, Inc., did not have authority under the Note or Deed of Trust to conduct a foreclosure sale. **See Exhibit "A"**

13. Upon close examination of the Note and Deed of Trust, the Note and its allonge did not confer any right to the Creditor as it is incomprehensible as to who actually is the borrower. The Borrower cannot be identified as a result of the documents submitted to this court by DLJ Mortgage Capital, Inc.

14. The Note states that Dlinas Properties is the "borrower" and the same **Note is transferred via an endorsed in blank "Allonge" that states that Juana Rosa Minano is the borrower.**

15. Nowhere in the Note indicates that Juan Rosa Minano is the borrower, consequently, the transfer of the Note via an allonge that states that Juana Rosa Minano is the "borrower" is not valid to effectuate a legal transfer.

16. Because the assignment of the Note via an invalid allonge the real and true creditor cannot be established, DLJ Mortgage Capital, Inc, had no legal authority to sell the

property

17. I have notified DLJ Mortgage Capital, Inc and its attorney to vacate the foreclosure sale and they have refused despite having provided irrefutable evidence.

18. DLJ Mortgage Capital, Inc., and its attorneys have ignored the nullity of the foreclosure arguing the sale was completed.

19. I am significantly harmed by DLJ Mortgage, Inc.'s violation of the stay, which not only represented an unlawful dispossession of property but also purported to pave the way to secure a deficiency judgment against me.

**REOPENING THE CASE IS PROPER PURSUANT TO 11 U.S.C. 350(b)**

20. 11 U.S.C. 350 (b) provides that *"[a] case may be opened in the court in which such case was closed to administer debts, to accord relief to the debtor, or for other cause".*

21. Reopening of a case to accord relief to the Debtor for DLJ's violation of the automatic stay is proper.

22. In re Theokary, 2008 Bankr. LEXIS 3402 (Bankr. E.D. Pa. Dec 17,2008) a matter where the court reopened a bankruptcy case to grant the debtor relief for violations of the automatic stay in connections with actions taken after the bankruptcy, the court held that *"[w]hile the state courts have concurrent jurisdiction to determine the applicability of the automatic stay….a cause of action seeking to redress for violation of or seeking enforcement of the automatic stay is generally held to be within the exclusive jurisdiction of the Bankruptcy Court".* Id. (internal citation omitted)

**THE CONTINUATION OF AN ACTION AGAINST THE DEBTOR WAS IN VIOLATION OF THE AUTOMATIC STAY, AND THUS NULL AND VOID**

23. 11 U.S.C. 362(a) provides that the bankruptcy filing operates as a stay of, interalia, *"91) the…continuation … of a judicial … other action or proceedings against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title".*

24. Here, there is no question that DLJ's foreclosure sale in the State Court Action

took place **after the** Debtor's bankruptcy filing and **after** knowledge of the Debtor's bankruptcy filing. While the foreclosure date was scheduled for **May 22, 2024 at 1:00PM**, Debtor's petition was filed on **February 21, 2024 at 12:41 PM.**

25. It should also be noted that the foreclosure sale was one further step to secure a deficiency sought against the Debtor

26. Thus, the referred foreclosure sale constituted a clear violation of the stay and is therefore null and void.   See In re Braught, 307 B.R. 399,401 (Bankr. S.D.N.Y.2004) *("actions taken in violation of the automatic stay are void, and not voidable')*

27. While DLJ's attorneys argue that Debtor is not the owner when they filed in this case their Motion for an Order Confirming No Automatic Stay is in Effect . RE: 3223 Warder Street, NW. Unit 4, Washington, DC. 20010 See Dockett# 27. **Exhibit "B".** DLJ stated the following in their motion:
*11. Pursuant to D.C. Code §29-801.04 a limited liability company is an entity distinct from its members. The Debtor has no individual legal or equitable interest in the Property, the Property is not Property of the estate as defined by §541, and as such, the automatic stay does not apply.*

28. Subsequent to this bankruptcy case, Debtor filed for a chapter 13 bankruptcy protection and was assigned **Case Number 24-000216-ELG** and on July 31, 2024 DLJ Mortgage Capital, Inc. filed a Motion for Relief From the Stay (Real Property Located at  3323 Warder Street, NW, Unit 4, Washington, DC 20010 , Docket #33, **Exhibit "C"**  and in contradiction to  the affirmation made to this court in the previous case stated the following:
*2. Prior to February 22, 2024, the Debtor was the owner of the real property located at 3323 Warder Street N.W., Unit 4, Washington, DC 20010.
3. A valid foreclosure was conducted on February 22, 2024 wherein subject*

*property was purchased by Movant.*

28. The filing of the Motion for Relief From the Stay (Real Property Located at 3323 Warder Street, NW, Unit 4, Washington, DC 20010 on the bankruptcy case **24-00016-ELG** confirms by DLJ's written statement that the property was sold in violation of the automatic stay.

29. *"Violations of the automatic stay are not validated by the dismissal of the bankruptcy".* In re Keuler, 389 B.R. at 408. It has bee noted that *"[n]othing in [Seciton 349, addressing dismissal of bankruptcy cases] provides that the dismissal validates judgments obtained in violation of the automatic stay. Had congress intended for the dismissal of the case to have such effect, it could have included such a provision within this section'.* In re Weatherford, 413 B.R. 273,286 (Bankr D.S.C. 2009)

### DEBTOR IS ENTITLED TO ACTUAL AND UNITIVE DAMAGES, AND ATTORNEYS FEE'S EHEN ENGAGED RESULTING FORM DLJ'S WILLFUL VIOLATION OF THE STAY

30. 11 U.S.C. 350 (k) formerly 11 U.S.C. 362(h) provides for the recovery of actual damages, including costs and attorney's fees, as well as punitive damages when appropriate, for willful violation of the stay.

31. In order to recover under 30.   11 U.S.C. 350 (k), the following elements are required:

(1) That a bankruptcy petition was filed; (2) that the debtor was an "individual" under the automatic stay provision; (3) that a creditor received notice of the debtor's bankruptcy petition; (4) That the creditors' actions were in willful violation of the stay; and (5) that the Debtor suffered damages. In re Weatherford, 413 B.R. 282

30. Here, all those elements are present.  Debtor is an individual who filed her bankruptcy petition on February 21, 2024 prior to the foreclosure sale. Notwithstanding DLJ's knowledge of Debtor's bankruptcy filing, DLJ proceeded with the state court action, and willfully violated the automatic stay. In re Galmore, 390 B.R.  901,907 (Bankr. N.D. Ind.2008) *("knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay, and a violation is willful when  a creditor acts intentionally with knowledge of bankruptcy… A 'willful violation' does not,*

*however, require specific intent to violate the automatic stay")* (internal citation omitted). As a result of DLJ's actions Debtor suffered damages resulting from the loss of the premises.

32. Since DLJ's violation was willful, Debtor is entitled to actual and punitive damages, including attorney's fees when engaged.

WHEREFORE, the Debtor/Applicant prays that an order be entered granting the relief requested and any other further relief as the court may deems just and proper.

Respectfully submitted,

/s/ Juana R. Minano
Juana Rosa Minano

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August 2024 a true copy of the foregoing **MOTION FOR AN ORDER REOPENING CASE, VACATING FORECLOSURE SALE AND HOLDING CREDITOR IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY AND DEBTOR AFFIRMATION OF SUPPORT** was sent via U.S. Mail, certified return receipt, postage prepaid, on to the following parties:

REBECCA A. HERR
**Trustee**
185 Admiral Cochrane Dr. Ste 240
Annapolis, MD 21401

D. CAROL SASSER, ESQ
448 Viking Drive
Suite 3502
Virginia Beach, VA 23452
*Counsel for DLJ Mortgage Capital, Inc.*

LEAH FREDMAN, ESQ
**BWW Law Group, LLC**
**Counsel for DLJ MORTGAGE CAPITAL, INC**
**C/O SELECT PORTFOLIO SERVICING INC**
6003 Executive Blvd, Suite 100
Rockville, MD 20852
*Counsel for DLJ Mortgage Capital, Inc.*

*[signature]*
Juana Rosa Minano